UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

MICHAEL MERRITT SHYRER
and K.S.,

           Plaintiffs,

   v.

OREGON DEPARTMENT OF HUMAN
SERVICES CHILD WELFARE;
ASHLYNN BANKS; and LACEY
ALVERNAZ,

           Defendants

Case No. 6:22-cv-01485-MK

**OPINION AND ORDER**

---

**KASUBHAI,** United States Magistrate Judge:

      Plaintiffs Michael Merritt Shyrer and K.S., proceeding *pro se*, filed this 42 U.S.C. § 1983

claim against Defendants the Oregon Department of Human Services Child Welfare ("ODHS")

and two of its case workers, Ashlyn Banks and Lacey Alvernaz, for "depriving [Mr. Shyrer] of

Page 1 — OPINION AND ORDER

[his] liberty interests" and depriving K.S. of "her ongoing attachment and need to be with her father." Compl. at 1, ECF No. 1.[1] Defendants move to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Def.'s Mot. to Dismiss, ECF No. 6. Plaintiffs oppose Defendants' Motion and move for summary judgment and "for courts to grant supremacy clause." Pl.'s Resp., ECF No. 11. For the following reasons, Defendants' Motion to Dismiss is GRANTED. Plaintiffs' motions are DENIED as moot.

## BACKGROUND

This case relates to a removal of Plaintiff K.S., a juvenile, from the home of her father, Plaintiff Shyrer. *See* Pl.'s Compl. 4, ECF No. 1. Plaintiff alleges that on February 23, 2021, Defendants Banks and Alvernaz, ODHS employees, removed K.S. from Mr. Shyrer's home with police assistance. *Id*. Plaintiff contends that they did so even though "she had not been subjected to any harm or injured in any way." *Id*. Plaintiffs allege that they "have suffered though [ODHS] dishonesty, misrepresentation, and abuse of power."

On February 24, 2021, the Oregon State Circuit Court for Douglas County granted a Protective Custody Order, authorizing ODHS to take K.S. into protective custody. ECF No. 6 Ex. 1.[2] The next day, the court appointed Plaintiffs Shyrer and K.S. each attorneys, and placed K.S. in-home "in the temporary custody of ODHS." *Id*., Ex. 2. It is unclear to this Court based on these documents in comparison to Plaintiffs' allegations in their complaint whether the February 23, 2021 date pled in the Complaint is accurate.

---

[1] All parties consented to jurisdiction by a U.S. Magistrate Judge. *See* ECF No. 12.

[2] Defendants ask the Court to take judicial notice of this exhibit and exhibit 2 as matters of public record pursuant to Rule 201(b). This request is granted. *See Coultas v. Payne*, No. 3:11-cv-45-AC, 2015 WL 5920645, at *3 (D. Or. Oct. 9, 2015) ("The court may 'take judicial notice of undisputed matters of public record . . . including documents on file in federal or state courts.'") (quoting *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012)).

Page 2 — OPINION AND ORDER

Plaintiffs allege claims under 42 U.S.C. § 1983, and seek damages related to Plaintiff Shyrer's time "forced out of the home" as well as attorney fees and punitive damages. *See* Pl.'s Compl. 4, ECF No. 1.

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

*Pro se* pleadings are held to a less stringent standard than those drafted by lawyers. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court, in many circumstances, instructs the *pro se* litigant regarding deficiencies in the complaint and grants leave to amend. *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* plaintiff's claims may be dismissed with

prejudice only where it appears beyond doubt the plaintiff can prove no set of facts that would entitle them to relief. *Barrett v. Belleque*, 544 F.3d 1060, 1061–62 (9th Cir. 2008).

## DISCUSSION

### I.     Defendants' Motion to Dismiss

The Court first addresses each of Defendants' grounds under Rule 12(b)(6) for dismissing Plaintiffs' Complaint.

####     A.     Failure to state sufficient facts

Plaintiffs pursue federal claims under 42 U.S.C. § 1983, ("Section 1983") which "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks omitted). To establish a violation of a federal constitutional right under Section 1983, a party must show "(1) that a right secured by the Constitution or the laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of State law." *Long v. Cnty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006). The first step in a Section 1983 claim is to "identify the specific constitutional right allegedly infringed." *Albright*, 510 U.S. at 271.

Here, Plaintiffs each appear to assert different rights. Plaintiff Shyrer asserts a deprivation of his liberty interests related to the disruption of his relationship with his daughter. On behalf of his daughter K.S., he asserts that she was deprived of her relationship with her father. The Ninth Circuit recognizes that both are rights that are protected by the Constitution under the Fourteenth Amendment:

> It is well established that a parent has a "fundamental liberty interest" in "the companionship and society of his or her child" and that "[t]he state's interference with that liberty interest without due process of law is remediable under [42 U.S.C. §]1983." *Kelson v. City of Springfield,* 767 F.2d 651, 654–55 (9th

Cir.1985) (citing *Santosky v. Kramer,* 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982)). "[T]his constitutional interest in familial companionship and society logically extends to protect children from unwarranted state interference with their relationships with their parents." *Smith v. City of Fontana,* 818 F.2d 1411, 1418 (9th Cir.1987) *overruled on other grounds by Hodgers–Durgin v. de la Vina,* 199 F.3d 1037 (9th Cir.1999).

*Lee v. City of Los Angeles*, 250 F.3d 668, 685 (9th Cir. 2001).

Plaintiffs fail to plead sufficient factual allegations to state a claim under Section 1983. "A section 1983 claim based upon procedural due process…has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). While Plaintiffs' complaint sufficiently alleges the first and second elements, it does not allege a lack of process. Although there are some vague references to ODHS "dishonesty, misrepresentation, and abuse of power," there are no facts alleged as to what this conduct entailed, who engaged in this conduct, or how it resulted in a lack of due process. As to Defendants Alvernaz and Banks, there are no allegations related to their conduct other than their presence. Without such allegations, Plaintiffs' Complaint fails to state a Section 1983 claim. *See, e.g.*, *Lewis v. Cnty. of San Diego*, 2014 WL 3527719 *4 (S.D. Cal. July 15, 2014) (Plaintiffs failed to state a claim for deprivation of parental interests against individual defendants where alleged that the individual defendants were present during the removal but "[t]here [we]re no specific allegations that [the individual defendants] personally seized the children, placed the children at the [emergency shelter], or participated in any of the court proceedings").

Relatedly, Plaintiffs' Complaint contains no allegations particular to each Defendant. *See, e.g., Lyda v. Gustavson*, No. 320CV00106RCJWGC, 2020 WL 1450582 (D. Nev. Mar. 24, 2020) (noting that plaintiff's due process claim for deprivation of parental rights failed to state a claim where the complaint did not include factual allegations particular to each defendant). Such

allegations are necessary to put each defendant on notice of what they allegedly did to violate Plaintiffs' liberty interests. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995) (holding even *pro se* pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong").

Plaintiffs' response, ECF No. 11, and sur-reply, ECF No. 16, to Defendants' motion include many factual allegations not contained in the Complaint, but the Court cannot rely on factual assertions in these pleadings to determine whether the Complaint itself pleads a sufficient factual basis for Plaintiffs' claims. Those allegations must be made in the Complaint itself. Because Plaintiffs have failed to plead sufficient facts to support their claims under Section 1983, the claims must be dismissed.[3] Although this deficiency necessarily results in the dismissal of Plaintiffs' claims, the Court will address Defendants' remaining arguments because they carry different implications for whether Plaintiffs should be granted leave to amend.

### B. Immunity of individual defendants

Defendants also argue that individual defendants Banks and Alvernaz must be dismissed pursuant to absolute immunity. Social workers are entitled to absolute[4] immunity "when they perform quasi-prosecutorial or quasi-judicial functions in juvenile dependency court." *Hardwick v. Cnty. of Orange*, 844 F.3d 1112, 1115 (9th Cir. 2017). Such immunity applies to social workers for "all actions taken pursuant to [a court] order." *Ward v. Estes*, No. 1:17-CV-00944-CL, 2018 WL 4559008, at *2 (D. Or. Aug. 17, 2018), (citing *Miller v. Gammie*, 335 F.3d 889, 898 (9th Cir. 2003); *Caldwell v. LeFaver*, 928 F.2d 331, 333 (9th Cir. 1991)), *report and*

---

[3] Defendants' arguments that Plaintiffs cannot cure this deficiency are addressed later in this opinion in the context of whether the Court should allow amendment.

[4] Although Defendants' heading in their motion references qualified immunity, their arguments and legal authorities pertain to absolute immunity. Accordingly, the Court addresses only absolute immunity.

*recommendation adopted,* No. 1:17-CV-00944-CL, 2018 WL 4558980 (D. Or. Sept. 21, 2018). However, "social workers are not entitled to absolute immunity from claims that they fabricated evidence during an investigation or made false statements in a dependency petition affidavit that they signed under penalty of perjury." *Beltran v. Santa Clara Cnty.*, 514 F.3d 906, 908 (9th Cir. 2008)

Here, Plaintiffs allege that "DHS employees Ashlynn Banks and Lacey Alvernaz came to my home with police assistance and removed my daughter [K.S.] from our home where she had not been subjected to any harm or injured in any way." Pl.'s Compl. 4, ECF No. 1. Defendants argue that together with the documents submitted by Defendants, ECF. No. 6, 10-15, this action was taken pursuant to a court order and therefore fits within the social workers' "quasi-judicial" function in carrying out that order. There is insufficient evidence in the record for the Court to dismiss the individual Defendants on this basis. The protective custody order upon which Defendants rely is dated February 24, 2021, while Plaintiffs allege the removal took place on February 23, 2021. Based on the record before it, the Court cannot say that Defendants Banks and Alvernaz are entitled to absolute immunity.[5]

### C.     Oregon Department of Human Services

Defendants argue that the ODHS, as a state agency, is not a proper defendant under 42 U.S.C. § 1983 and in any event is entitled to sovereign immunity under the Eleventh Amendment. Def.'s Mot. 6-7, ECF No. 6. Defendants are correct on both counts.

---

[5] It defies logic that the protective custody order authorizing ODHS to place K.S. into protective custody would issue on February 25 if in fact that had already taken place on the 24th. However, the Court cannot resolve this factual discrepancy at the Rule 12(b)(6) stage. Defendants are not foreclosed from reasserting this argument in future pleading motions should this discrepancy resolve.

Section 1983 applies only to "person[]s" and the U.S. Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989); *see also Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) ("State agencies…are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute") (citing *Will*, 491 U.S. at 70). ODHS, as a state agency, is therefore not a proper defendant under Section 1983.

In addition, "[t]he Eleventh Amendment bars citizens from bringing suits in federal court against a state for prospective relief or for money damages unless immunity is waived by the state or abrogated by the United States Congress." *Erwin v. Oregon ex rel. Kitzhaber*, 231 F. Supp. 2d 1003, 1007 (D. Or. 2001) (citing *Cory v. White,* 457 U.S. 85, 90–91, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982), *aff'd sub nom. Erwin v. Oregon*, 43 F. App'x 122 (9th Cir. 2002). Here, there is no question that ODHS is a state agency to whom the Eleventh Amendment applies. There is no evidence that Oregon has waived[6] Eleventh Amendment immunity here, and Section 1983 does not abrogate that immunity. *Quern v. Jordan*, 440 U.S. 332, 240-41 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979). Plaintiffs' Section 1983 claims against ODHS are therefore barred by the Eleventh Amendment.

Because ODHS is not a "person" subject to Section 1983 and because it is entitled to Eleventh Amendment immunity, the claims against it are dismissed.

---

[6] Although there are references in the briefing that Defendants sent Plaintiff Shyrer a letter pursuant to the Oregon Tort Claims Act waiving immunity, such letter does not support a waiver of Eleventh Amendment immunity. *See, e.g., Est. of Pond v. Oregon*, 322 F. Supp. 2d 1161, 1165 (D. Or. 2004) ("The Oregon Tort Claims Act is a waiver of sovereign immunity but does not waive Eleventh Amendment immunity. Thus, suits by private parties against the state must be brought in state court").

### D. K.S.'s claim

Finally, Defendants argue that the claim on behalf of K.S. should be dismissed for lack of standing. In particular, they argue that a parent may not bring a claim on behalf of their minor child while proceeding *pro se.*

The Ninth Circuit has squarely addressed this issue, adopting the reasoning of other circuit courts which "have held that the guardian or parent cannot bring a lawsuit on behalf of a minor in federal court without retaining a lawyer." *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997), citing *Osei–Afriyie v. Medical Coll.,* 937 F.2d 876, 882–83 (3d Cir.1991); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.,* 906 F.2d 59, 61–62 (2d Cir.1990); *Meeker v. Kercher,* 782 F.2d 153, 154 (10th Cir.1986).

Plaintiff Shyrer's sur-reply requests a court appointed attorney to represent Plaintiff K.S. ECF No. 16. Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(e)(1), this Court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. *Id.; see also Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990) ("Counsel should only be appointed in exceptional circumstances, based on such factors as the likelihood of success on the merits and the ability of the plaintiff to articulate his claims in light of their complexity"). This Court has already concluded that this case does not present exceptional circumstances for which appointment of pro bono counsel is appropriate. ECF No. 4.

Accordingly, the claims on behalf of K.S. are dismissed.

## II. Leave to Amend

In civil rights cases in which the plaintiff appears *pro se*, the court construes the pleadings liberally and must afford plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d

1026, 1027 n. 1 (9th Cir. 1985) (en banc). Ordinarily *pro se* litigants are given leave to amend their complaint. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623–24 (9th Cir. 1988). However, if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment," leave to amend need not be given. *Id.* (internal quotation marks omitted).

Here, as to Plaintiffs' failure to plead facts sufficient to state a Section 1983 claim, it is not clear to the Court that the Complaint's deficiencies cannot be cured by amendment. Plaintiff Shyrer's responsive briefing on this motion refers to numerous facts not alleged in the Complaint that he apparently believes constitute grounds to state a due process violation. Plaintiffs should be permitted an opportunity to plead those facts in the Complaint.

Defendants argue that Plaintiffs "cannot allege facts supporting a due process violation" because K.S. was removed from the home pursuant to a Protective Custody Order. Def.'s Mot. 4, ECF No. 6. But as noted earlier in this opinion, it is unclear based on the date of that order relative to Plaintiffs' allegations that the removal was pursuant to that order. Thus, this is not a basis to refuse amendment as futile. However, the Court cautions Plaintiffs to ensure that Plaintiffs allege dates as to any alleged conduct, and that all dates contained in any amended complaint are accurate.

In addition, the claims on behalf of K.S. are dismissed without prejudice. *See Burgess v. Carmichael*, 37 F. App'x 288 (9th Cir. 2002) (noting that while a parent may not proceed on behalf of their children without a lawyer, "dismissal with prejudice is not the appropriate response because [children] should not be prejudiced by [their parents'] failure to retain a lawyer"). Plaintiffs' amended complaint may only reassert claims on behalf of K.S. if she is represented by an attorney.

However, Plaintiff's claims against ODHS are futile because they can plead no set of facts which would bring ODHS within the language of Section 1983, nor is there any indication that Oregon has waived its Eleventh Amendment immunity. Accordingly, the claims against ODHS are dismissed with prejudice.

## CONCLUSION

For the reasons above, the Defendants' Motion to Dismiss (ECF No. 6) is GRANTED. Plaintiffs' claims against Oregon Department of Human Services are DISMISSED with prejudice. Plaintiffs' claims against Defendants Banks and Alvernaz are DISMISSED without prejudice. Subject to the limitations identified in the Court's opinion with respect to the claims on behalf of K.S., Plaintiffs have thirty (30) days to file an amended complaint in which they may attempt to cure, if possible, the deficiencies outlined in the Court's opinion. Because Plaintiffs' Complaint has been dismissed, Plaintiffs' Motion for Summary Judgment and motion "for courts to grant supremacy clause" are DENIED as moot.

DATED this 27th day of February 2023.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge
